```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA


                                             CIVIL ACTION

IN RE: ROBERT GARDNER,                       NO: 06-9154
KIMBERLY GARDNER, AND
ALLSTATE INSURANCE COMPANY


                                             SECTION: R(5)
```

### ORDER AND REASONS

Before the court is a motion to remand filed by Robert and Kimberly Gardner. For the following reasons, the Court DENIES the motion.

### I.   BACKGROUND

The Gardners are property owners who sustained damage to their property located at 6076 Vicksburg Street in New Orleans as a result of Hurricane Katrina. At the time of the hurricane, the Gardners had in effect a homeowner's insurance policy issued by Allstate. The Gardners made a claim against Allstate for

property damage and initiated an appraisal process once the parties reached an impasse on the evaluation of certain losses. The Allstate policy provided specific obligations for each party once a written demand for an appraisal process was initiated. Because Allstate took the position that the Gardners had not identified an appraiser as required by the provisions of the policy, Allstate filed a petition in state court to appoint an umpire.

In response to Allstate's petition, the Gardners filed an answer and reconventional demand. (R. Doc. 1-2). This answer and reconventional demand contained claims against Allstate for breach of contract and for all damages resulting from Allstate's alleged failure to satisfy its obligations under the homeowners insurance policy. *Id.*

Thereafter, Allstate removed the case to this Court on the basis of diversity jurisdiction. The Gardners now move to remand on the ground that Allstate is the plaintiff in this action and has no statutory right to remove under 28 U.S.C. § 1441.

## II. STANDARD OF REVIEW

A defendant may remove any civil action over which the federal court has original jurisdiction under 28 U.S.C. § 1441(a). The removing party bears the burden of establishing the

existence of federal jurisdiction.  *See Allen* v. *R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  The jurisdictional facts supporting removal are examined as of the time of removal. *See Gebbia* v. *Walmart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Associacion Nacional de Pescadores a Pequena Escala O Artesaneles de Colombia ("ANPAC")* v. *Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds by Marathon Oil Co.* v. *Ruhrgas*, 145 F.3d 211 (5th Cir. 1998), *rev'd on other grounds*, 526 U.S. 574, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999); Bonck v. *Marriott Hotels, Inc.*, 2002 WL 31890932, at *1 (E.D. La. 2002).  The Court may remand the case to state court on the basis of a defect other than subject matter jurisdiction.  28 U.S.C. § 1441(c).  Section 1441 is to be narrowly construed to restrict removal because "a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns."  *Frank* v. *Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997).

**III. DISCUSSION**

    28 U.S.C. § 1441(a), the federal statute which governs parties' eligibility to remove actions from state to federal court, provides in pertinent part:

    Except as otherwise expressly provided by Act of

> Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

*Id.*  It is well established that the removing party, in this case Allstate Insurance Company, has the burden of establishing that removal is proper.  *Frank*, 128 F.3d at 921-22; *Laughlin* v. *Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir. 1989). Furthermore, for the purposes of removal, federal law determines who is the plaintiff and who is the defendant.  *Chicago R.I. & P.R. Co.* v. *Stude*, 346 U.S. 574, 579-80 (1954).

The filing of a counterclaim will not transform a "plaintiff" into a "defendant" within the meaning of the removal statute.  *Shamrock Oil & Gas Corp.* v. *Sheets*, 313 U.S. 100, 106 (1941).  Situations may arise, however, in which the party who filed the first petition should be "realigned" into the role of a "true defendant" by the court.  *Chicago, R.I. & P.R. Co.* v. *Stude*, 346 U.S. 574, 579-80 (1954).  To determine whether the parties should be realigned according to federal law, the United States Supreme Court has established a "functional test."  *Mason City & Fort Dodge Railroad Co.* v. *Boynton*, 204 U.S. 570, 579-80 (1907); *see also OPNAD Fund Inc.* v. *Watson*, 863 F.Supp. 328, 332 (S.D. Miss. 1994).  Under the functional test, the court realigns

the parties based on their proper perspectives regardless of their designation in the pleadings or under state law:

> [T]his court must construe the act of Congress regarding removal. And it is obvious that the word "defendant" as there used is directed toward more important matters than the burden of proof or the right to open and close. It is quite conceivable that a state enactment might reverse the names which, for the purposes of removal, this court might think the proper ones to be applied.

*Mason City*, 204 U.S. at 579-80; *see also Oppenheimer & Co., Inc. v. Neidhardt*, 56 F.3d 352 (2d Cir. 1995); *Chicago R.I. & P.R. Co. v. Stude*, 204 F.2d 116 (8th Cir. 1953); *Int'l Tin Council v. Amalgamet Inc.*, 645 F.Supp. 879 (S.D.N.Y. 1986). The functional test provides that the plaintiff is the party whose intent to achieve a particular result, such as the recovery of property or money, is the "mainspring of the proceedings," and who is responsible for the continued existence of the action. *OPNAD*, 863 F.Supp. at 333 (quoting *Mason City*, 204 U.S. at 580). The party opposing or resisting the plaintiff's claim is the defendant, who may remove. *Id.*; *Estate of Spragins* v. *Citizens Nat'l Bank of Evansville*, 563 F.Supp. 424, 425-26 (N.D. Miss. 1983) (quoting *Mason City*, 204 U.S. at 579-80).

Allstate relies on *General Motors Corp.* v. *Gunn*, 752 F.Supp. 729, 731 (N.D. Miss. 1990), in support of its realignment argument. (R. Doc. 8). In *Gunn*, an automobile accident

involving a rear-end collision resulted in the death of Gunn's family.  *General Motors Corp.*, 752 F.Supp. at 729.  General Motors, the company that manufactured the car occupied by Gunn's family, filed a bill of discovery requesting that the court inspect and protect the car in order to prepare a defense in the event of a products liability action.  *Id.*  Gunn responded by filing an answer and counterclaim for the wrongful death of his family members seeking actual and punitive damages.  *Id.* at 730.  General Motors then filed a petition for removal and realignment of the parties.  *Id*.  Applying the functional test to these facts, the court determined that General Motors was the true defendant because the "mainspring" of the proceeding was Gunn's counterclaim for wrongful death.  *Id*. at 732.  The court found that the filing of General Motors' bill of discovery was ancillary to a pending or anticipated suit.  *Id*.

    The Court agrees with Allstate's contention that it is similarly positioned to the "plaintiff" in *Gunn* to justify a realignment of the parties.  Here, the Gardners submitted a claim to Allstate and initiated the appraisal process once the parties reached in impasse over the evaluation of the claim.  It is the Gardners' demand for a monetary recovery under their insurance policy that forms the "mainspring of the proceedings," and it is the Gardners who are responsible for the continued existence of

the action.  Just as the bill of discovery filed by General Motors in *Gunn* was anticipatory and ancillary to the suit, so is Allstate's petition for the appointment of an umpire ancillary to the present suit.  Allstate did not file this petition to effect its own ends, but rather did so to challenge claims made upon it.

The Court acknowledges the Gardners' argument that a counterclaim defendant may not remove under 28 U.S.C. § 1441(a). (R. Doc. 6).  Indeed there are numerous cases that confirm this well-established rule.  *See Shamrock Oil & Gas Corp.* v. *Sheets*, 313 U.S. 100, 106 (1941); *Tindle* v. *Ledbetter*, 627 F.Supp. 406 (M.D. La. 1986); *Carlton* v. *Withers*, 609 F.Supp. 146, 149 (M.D. La.1985).  Nevertheless, the right to remove that the Court recognizes here is not based on Allstate's status as a counterclaim defendant;  rather, it rests on the Court's determination that Allstate is the "true defendant" under the Supreme Court's functional test.

**IV. CONCLUSION**

For the foregoing reasons, the Court DENIES the motion to remand.

New Orleans, Louisiana, this __26th__ day of February, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE